NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued March 1, 2011
Decided March 25, 2011

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 10-2625

| | |
|---|---|
| WILLIAM LEE POYCK, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District |
| | of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:09-cv-0509-LJM-JMS |
| MICHAEL J. ASTRUE, Commissioner | |
| of Social Security, | Larry J. McKinney, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

William Poyck appeals from a district court order upholding the Social Security Administration's denial of benefits. Poyck argues that the Administrative Law Judge failed to develop the record adequately when he refused to order a consultative examination to get a current evaluation of Poyck's conditions. We conclude that the ALJ acted within the scope of his discretion in this respect, and we therefore affirm.

Poyck, who suffers from a range of conditions including the residual effects of two gunshot wounds, applied for social security disability and income benefits in 2003. He submitted medical records showing that he also suffered from prostatitis, hepatitis C, bipolar disorder, chronic obstructive pulmonary disease, and the effects of long-term alcohol and marijuana use. In 2006 an ALJ held a hearing and found that Poyck's impairments were not severe enough to warrant benefits.

The Appeals Council vacated the ALJ's decision and remanded the case so that he could carry out certain tasks, including the following: obtain updated medical-treatment records and additional evidence concerning Poyck's mental impairments; obtain evidence from a medical expert who specializes in psychiatry to clarify the nature and severity of his impairments; and give further attention to Poyck's mental impairments in accordance with the special technique described in 20 C.F.R. §§ 404.1520a, 416.920a. Moreover, the Appeals Council stated, "additional evidence may include if warranted and available, a consultative examination and medical source statement about what the claimant can still do despite the impairments." Consistently with the latter guidance, Poyck asked the ALJ before his second hearing to authorize a consultative examination because he could not afford one on his own and he wanted to have the evaluation of his conditions updated.

At a second hearing in 2008, a different ALJ heard testimony from Poyck, as well as from a vocational expert and a medical expert specializing in psychology. Poyck submitted updated medical records from his treating psychiatrist at Midtown Community Mental Health Center, who opined that his mental health had improved. These records show that just two months before the second hearing, Poyck denied experiencing symptoms of anxiety, depression, psychosis, alcoholism, or impairment in the activities of daily living or social functioning. The psychologist who testified at the hearing stated that she had reviewed Poyck's medical records and believed that his mental impairments were not severe enough to meet the requirements of an affective disorder or a substance abuse disorder. The psychologist also reported that a previous evaluation by another psychologist reflected that Poyck could do simple and repetitive work. Also at the hearing, Poyck's counsel again asked the ALJ to order an updated evaluation of Poyck's physical and mental conditions. But the ALJ declined, explaining that an additional examination was unnecessary because the record contained reports from several mental and physical examinations, updated records from Poyck's treating psychiatrist, and testimony from Poyck and the psychologist who reviewed his medical history. The ALJ determined that Poyck's impairments were not severe enough to warrant benefits and denied his claims.

The Appeals Council found no basis for changing the ALJ's decision and denied Poyck's request for review.

Poyck then appealed to the district court and argued that the ALJ violated the remand order by refusing to order an additional consultative examination; this omission, he contended, amounted to a failure to develop the record adequately. The court, however, found no error in the ALJ's approach and affirmed the decision. It noted that 42 U.S.C. § 405(g) authorizes judicial review only of the commissioner's final decision, not internal agency proceedings. The question whether the ALJ complied with the remand order from the Appeals Council was thus not properly before the court. On the merits, the court gave several reasons why the ALJ did not abuse his discretion in denying the motion for a consultative examination: the record already contained reports from several examinations; Poyck submitted new medical records that were not available at the first hearing; and the ALJ further developed the record by directly questioning Poyck about his impairments.

On appeal, Poyck renews his argument that the ALJ did not comply with the remand order. He reiterates that the Appeals Council instructed the ALJ to obtain updated medical treatment records and additional evidence concerning his mental impairments, including clarification from a psychiatrist about the severity of his conditions. Without citing specifics, he maintains, the record establishes that the ALJ failed to comply with these instructions.

The question whether the ALJ complied with the Appeals Council's remand order is not, in the final analysis, of independent importance. The only question properly before us is whether the ALJ's decision (which the Appeals Council chose to leave undisturbed) is supported by substantial evidence. See *Skinner v. Astrue*, 478 F.3d 836, 841, 844-45 (7th Cir. 2007); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Putting his procedural concern to one side, Poyck argues that even without the remand order, the ALJ should have ordered a consultative examination. Poyck acknowledges that ALJs are not required to order such examinations in every case, but he maintains that one is warranted here because the record is too incomplete to permit a determination on whether he is disabled. Although Poyck does not argue that his condition has changed since his last examination, he insists that the record lacks evidence of his current physical and mental condition.

This court gives deference to an ALJ's decision about how much evidence is sufficient to develop the record fully and what measures (including additional consultative examinations) are needed in order to accomplish that goal. *Nelms v. Astrue*, 553 F.3d 1093,

1098 (7th Cir. 2009); *Kendrick v. Shalala*, 998 F.2d 455, 458 (7th Cir. 1993). What must be shown to obtain such an examination is addressed only generally in the federal regulations: a consultative examination may be ordered when "the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the] claim." 20 C.F.R. § 416.919a(b); *Skinner*, 478 F.3d at 844; *see also Ingram v. Astrue*, 496 F.3d 1253, 1269 (11th Cir. 2007); *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997) ("[T]he ALJ should order a consultative examination when evidence in the record establishes a reasonable possibility of the existence of a disability and the result of the consultative examination could reasonably be expected to be of material assistance in resolving the issue of disability."); *Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994). A consultative examination is normally required if the evidence is ambiguous, if specialized medical evidence is required but missing from the record, or if there is a change in a condition but the current severity of the impairment is not established. 20 C.F.R. § 416.919a(b). Particularly in counseled cases, the burden is on the claimant to introduce some objective evidence that further development of the record is required. *Skinner*, 478 F.3d at 844; *Hawkins*, 113 F.3d at 1167. If the ALJ denied the request for an examination, on appeal the claimant must show prejudice by pointing to specific medical evidence that was omitted from the record. *Nelms*, 553 F.3d at 1098.

Poyck's argument fails because he has not identified how his claims were prejudiced by the denial of an additional examination. *Id.* Unlike *Nelms*, in which a *pro se* claimant argued that his condition had significantly deteriorated during a two-year gap in the medical records, Poyck did not assert, either in his motion for a consultative examination or at any time at the second hearing, that any of his conditions had worsened since his last medical exam, nor did he identify any new conditions or impairments. In fact, his recent medical records from his treating psychiatrist state that his impairments were less pronounced. Given these records and the lack of any evidence that Poyck's condition had deteriorated, the ALJ did not abuse his discretion in determining that an additional consultative examination was unnecessary.

Accordingly, we AFFIRM the district court's judgment upholding the ALJ's decision.